IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMMIE SMITH,

    Plaintiffs,

v.                                             CIV 10-387 MV/GBW

A. ROJAS, FNU RIX,
HOBBS POLICE DEPARTMENT, and
CITY OF HOBBS,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte* after the passage of more than 120 days from the filing of Plaintiff's Complaint. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff should show cause why this case should not be dismissed as to all Defendants for failure to effect service of process and failure to prosecute under the Federal Rules of Civil Procedure.

    The Complaint in this case was filed on April 21, 2010. (Complaint, ECF No. 1.) As of the date of this Order, Plaintiff has not served any Defendant. While the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, Plaintiff has never requested service be made by court personnel as required by Rule 4. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal

or deputy marshal . . . The court must so order if the plaintiff is authorized to proceed in forma pauperis."); *see also Nagy v. Dwyer*, 507 F.3d 161, 163-64 (2d Cir. 2007) ("Absent a request from the plaintiff, nothing in the text of Rule 4 requires the district court to appoint the Marshals to effect service after granting pauperis status to the plaintiff.").

Rule 4(m) provides, in relevant part, that: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Independently, "failure of the plaintiff to prosecute" provides a basis for involuntary dismissal under Federal Rule of Civil Procedure 41(b). Moreover, Local Rule 41.1 specifically provides that a "civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." *See* D.N.M. LR-Civ. 41.1.

Therefore, the Court directs Plaintiff to show cause in writing no later than thirty days (30) days from the entry of this Order why this action should not be dismissed without prejudice as to all Defendants for failure to effect service of process within the time provided by Rule 4(m), or for failure to prosecute under Rule 41. Failure to respond to this Order shall constitute an independent basis for dismissal. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH

UNITED STATES MAGISTRATE JUDGE