IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMMIE SMITH,

    Plaintiff,

v.                                          CIV 10-387 MV/GBW

A. ROJAS, FNU RIX, HOBBS
POLICE DEPARTMENT, and
CITY OF HOBBS,

    Defendants.

### **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court *sua sponte* following an extended period of time with no activity undertaken to move this case towards its conclusion. Because Plaintiff has failed to serve any defendants, has failed to prosecute this case, and has failed to timely respond to this Court's Order to Show Cause, (*doc. 10*), I recommend that this case be dismissed without prejudice.

Plaintiff, proceeding *pro se*, filed the instant suit alleging violations of her civil rights pursuant to an allegedly wrongful arrest. *Doc. 1*. Plaintiff's Complaint was filed on April 21, 2010. *Id.* On May 28, 2010, I granted Plaintiff's Motion to Proceed *in forma pauperis*. *Doc. 7*. Plaintiff has taken no further action in this matter since.

*Failure to Serve*

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after

notice to the plaintiff – must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Where a party is proceeding *in forma pauperis*, she must affirmatively request that this Court order the United States marshal to perfect service on defendants.  *See id.* 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal . . . .  The court must so order if the plaintiff is authorized to proceed *in forma pauperis*"; *see also Nagy v. Dwyer*, 507 F.3d 161, 163-64 (2d Cir. 2007) (noting that text of Rule 4 does not compel the court to act without request from plaintiff).

The preceding caselaw was cited in this Court's Order to Show Cause – an order issued over one month ago.  *See doc. 10* at 1-2.  In the intervening time, Plaintiff has made no requests of the Court or the United States marshal to serve the defendants.  Because Plaintiff has not served any Defendant and has not requested the Court to direct service despite being advised of the need to make such a request, I recommend dismissal of the Complaint for failure to serve.

 *Failure to Prosecute*

Likewise, this Court may find an independent basis for dismissing the instant claims from Plaintiff's failure to prosecute her case.  Federal Rule of Civil Procedure 41(b) provides that a dismissal without prejudice may be granted where a plaintiff fails to prosecute her claims.  Fed. R. Civ. P. 41(b).  Moreover, under this Court's local rules "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken

to move the case forward." D.N.M.LR-Civ. 41.1.  Such a dismissal may occur thirty days after Plaintiff is notified of the impending dismissal.  *Id.*

As with the law cited above regarding Plaintiff's failure to serve defendants, the law cited herein for failure to prosecute was also brought to Plaintiff's attention in my Order to Show Cause.  *See doc. 10*.  Therein, the relevant local and federal rules were referenced and Plaintiff was directed to prosecute this case or to offer good cause for why the case could not be advanced.  *Id.*  Because more than 45 days have passed since Plaintiff was notified of the impending dismissal and no action has been taken, I recommend dismissal without prejudice for failure to prosecute.

*Failure to Respond to Order to Show Cause*

Plaintiff's lawsuit should also be dismissed with prejudice based upon the lack of response to this Court's Order to Show Cause.  Under Federal Rule of Civil Procedure 41(b), a dismissal may be granted where plaintiff neglects to comply with an order of the Court.  FED. R. CIV. P. 41(b).  The Order to Show Cause was issued on October 5, 2011. Within the Order, Plaintiff was directed "to show cause in writing no later than thirty days . . . from the entry of th[e] Order . . . ." *Doc. 10* at 2.  Additionally, Plaintiff was expressly told that failure to comply would, itself, provide a basis for dismissal.  *See id.* ("Failure to respond to this Order shall constitute an independent basis for dismissal.").  Because no response to the Order has been filed, I recommend that

3

Plaintiff's complaint be dismissed without prejudice for failure to comply with an court order.

*Conclusion*

Because the failure to serve, failure to prosecute, and failure to respond to this Court's Order to Show Cause each serve as sufficient bases for dismissal of Plaintiff's suit, I recommend that all claims be dismissed without prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE